**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dominik Stone,

Plaintiff,

v.

Charles Schwab & Company Incorporated,

Defendant.

No. CV-24-03047-PHX-DJH

**ORDER**

This case, originally filed in state court on September 13, 2024, was reassigned to this Court on September 30, 2026 (Doc. 80). The Court will not detail the case's procedural or factual history at this time, presuming that the parties are fully aware of both. Instead, the Court will address several matters currently pending on the docket: (1) *pro se* Plaintiff Dominik Stone's ("Plaintiff") Motion for Clarification and Limited Reconsideration of Doc. 48 and for Leave to File Fifth Amended Complaint (Doc. 59), to which Defendant Charles Schwab & Co. Inc. ("Defendant") filed a Response (Doc. 68); (2) Plaintiff's Expedited Motion for Temporary Stay of Disputed Disclosures, Leave for Limited Written Briefing, and Alternative Extension of Time (Doc. 66); (3) Defendant's Motion to Compel (Doc. 73), which is fully briefed (*see* Docs. 78, 79); and (4) Plaintiff's Motion for Limited Reconsideration of the September 21 Scheduling Order and, Alternatively, to Modify the Scheduling Order under Rule 16(b)(4) (Doc. 77). The Court will consider each of Plaintiff's Motions in turn, before addressing Defendant's Motion.

/ / /

/ / /

**I. Plaintiff's Motion to Reconsider and for Leave to File Fifth Amended Complaint (Doc. 59)**

First, Plaintiff seeks reconsideration of the Prior Court's March 5, 2026, Order on Defendant's Partial Motion to Dismiss the Third Amended Complaint (Doc. 48). (Doc. 59). Specifically, he requests that his "Count I" for "sex-discrimination and retaliation" under Title VII be reinstated. (Doc. 59 at 1). Plaintiff filed his Motion on July 23, 2026. (*Id.*) Defendant argues that Plaintiff's Motion, which was made under Federal Rule of Civil Procedure 54(b) and Local Rule 7.2(g), is untimely. The Court agrees.

"[T]he District of Arizona adopted Local Rule 7.2(g) to implement and supplement [Rule 54(b)]. Thus, a litigant seeking relief under Rule 54(b) must comply with Local Rule 7.2(g)'s requirements[.]" *Parker v. Arizona*, 2019 WL 2579404, at *2 (D. Ariz. 2019). Under Local Rule 7.2(g), a motion for reconsideration must be filed no later than fourteen days after the date of the order it challenges, unless the party shows good cause. Plaintiff acknowledges this fourteen-day time limit but only explains his delay by stating that he only discovered the issue in the Order "[d]uring a detailed review of Docs. 28, 33, 35, 36, and 48 on July 22, 2026[.]" (*See* Doc. 59 at 2–3). Plaintiff then claims he acted diligently in bringing this Motion nearly four months after Rule 7.2(g)'s deadline. However, by late July, Plaintiff had access to each of the aforementioned docket entries for multiple months, and there is no reason why an exercise of reasonable diligence within the fourteen-day window for reconsideration could not have revealed the alleged issue. Moreover, "Plaintiff points to no recent changes to the case law or statute or newly discovered evidence that would justify [his over four months'] long delay in bringing forth this Motion." *Evans v. Critter Control Operations Inc.*, 2025 WL 3207428, at *1 (D. Ariz. 2025). Therefore, Plaintiff's Motion is untimely without good cause for the delay, and thus the Court does not reach its merits.

Because the Court denies Plaintiff's Motion for Reconsideration, Plaintiff's request to file a fifth amended complaint will likewise be denied. Plaintiff's request to amend is untimely, and the parties have conducted months of discovery premised upon Plaintiff's

Fourth Amended Complaint ("FAC"). The FAC will remain the operative complaint in these proceedings.

**II. Plaintiff's Expedited Motion for Temporary Stay of Disputed Disclosures, Leave for Limited Written Briefing, and Alternative Extension of Time (Doc. 66)**

In relevant part, Plaintiff's next Motion requests "expedited consideration of a limited temporary stay of the disputed execution and disclosure obligations imposed by the September 2, 2026 order, Doc. 64, and leave to submit two limited written motions." (Doc. 66 at 1). Plaintiff noted that, per the Scheduling Order (Doc. 42), the Prior Court does not accept written discovery motions without leave of Court. (*See id.* at 3). This Court similarly does not accept written discovery motions without leave, and Plaintiff's request to file such a motion will be denied. Plaintiff's Expedited Motion to Stay is also denied for the following reasons. First, in seeking leave to file additional briefing, Plaintiff filed a ten-page Motion (Doc. 66) that is essentially a discovery motion under the guise of a Motion to Stay. Labeling a motion by a different name does not change its underlying substance, and therefore Plaintiff's Expedited Motion for Temporary Stay is an improper discovery motion. Second, this Motion does little more than disagree with the Prior Court's Order (Doc. 64) granting the various releases sought by Defendant. Compliance with a court's directives is not optional, *see GTE Sylvania, Inc. v. Consumers Union of U. S., Inc.*, 445 U.S. 375, 386 (1980), so Plaintiff's disputes hold little to no merit. Third and finally on this matter, Plaintiff's request to stay is premised upon the alleged need to further review the scope of the releases (*see* Doc. 66 at 1, 7–8), but there was already a discovery dispute where the Prior Court heard the parties' arguments on these issues. The Prior Court issued its ruling following that hearing (*see* Doc. 64), and thus a stay is not necessary to further consider an issue with definitive ruling in place. Plaintiff's requested stay appears to be nothing more than an attempt to avoid compliance with the Prior Court's Order. Consequently, Plaintiff's Expedited Motion for Temporary Stay is denied.

/ / /

/ / /

**III. Plaintiff's Motion for Limited Reconsideration of the September 21 Scheduling Order and, Alternatively, to Modify the Scheduling Order under Rule 16(b)(4) (Doc. 77)**

Turning to the last of Plaintiff's Motions, Plaintiff asks the Court to reconsider the Prior Court's September 21, 2026, Order (Doc. 75), which, in part, granted Defendant's request to extend its deadline to respond to Plaintiff's First Set of Interrogatories, Requests for Admission, and Second Set of Requests for Production (Doc. 74).[1] No response is necessary to resolve Plaintiff's Motion for Limited Reconsideration because it will be denied. *See* LRCiv 7.2(g) (stating that no response to a motion for reconsideration shall be filed unless allowed by the Court).

In this Motion for Reconsideration, Plaintiff cites Local Rule 7.2(g). (Doc. 77 at 2). And although no Federal Rule is cited, as the Prior Court's Order was non-dispositive, it is presumed that Plaintiff brings his Motion under Fed. R. Civ. P. 54(b). Rule 54(b) states that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In considering a motion for reconsideration brought under Rule 54(b), "district courts look to the standard on motions for reconsideration under Rule 59 and Rule 60(b)." *Sundby v. San Diego Cnty. Sheriff's Dep't*, 2026 WL 673819, at *4 (S.D. Cal. 2026). Thus, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 7.2 provides that "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

[1] Notably, the Prior court's Order also granted Plaintiff's Motion to Modify Scheduling Order as to Good Faith Settlement Talks. (*See* Docs. 67, 75).

Here, Plaintiff identifies no manifest error, new evidence, or change in controlling law that requires reconsideration of the Prior Court's Order. (*See generally* Doc. 77). Instead, Plaintiff primarily takes issue with the contents of Defendant's Motion to Extend Deadline to Respond to Discovery Requests (Doc. 74) and contends that he will be prejudiced by the extension the Prior Court allowed. (*See id.* at 2–5). These are not proper grounds for reconsideration because Plaintiff has not shown that the Prior Court's allowance of a modest extension of time was a manifest error in law. As mentioned, Plaintiff's Motion is based on the "accuracy of the stated reason" for Defendant's requested extension, but this argument relates to Defendant's Motion, not the Prior Court's Order. (Doc. 77 at 1). At best, Plaintiff seems to argue that the Prior Court erred in ruling on Defendant's Motion (Doc. 74) without a response. (*See* Doc. 77 at 2). However, "[t]he federal rules do not require the Court to await a response from the non-moving party prior to issuing an Order on a pending motion." *Garrett v. Deaz*, 2016 WL 11678499, at *2 (D. Ariz. 2016). As such, Plaintiff's reconsideration request is denied. Even more so, Defendant's extended deadline had already passed, so the reconsideration request is moot.

Plaintiff's "alternate" request for an extension of deadlines is relatedly based on Defendant's delay in some written productions but does little to establish Plaintiff's due diligence in conducting discovery. (*Id.* at 6). The fact discovery deadline in this case was set for October 5, 2026, which has come and gone, and the Court has not been presented with a sufficient showing to extend that deadline at this time. Moreover, Plaintiff's request proposes scheduling of depositions, but Plaintiff needs to confer with Defendant (and the parties should have already been doing so) to schedule depositions.

Plaintiff should bear in mind that a motion for reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). These "generally unwelcome" motions are not to be used to state disagreement with the Court's orders, re-litigate past issues, or delay proceedings. *Jumbo Bright Trading Ltd. v. Gap, Inc.*, 2013 WL 149660, at *1 (C.D. Cal. 2013) (citation omitted). Future motions to reconsider in this case will be summarily

denied should the Court find that the motion is proffered for any of the foregoing reasons or fails to state proper grounds for reconsideration.

**IV. Defendant's Motion to Compel (Doc. 73)**

Defendant has filed a Motion to Compel (Doc. 73), asking for an order to compel Plaintiff to execute the medical, employment, and psychotherapy releases that the Prior Court ordered be completed. Plaintiff, in his Response, states that he has not executed the releases but notes that his Expedited Motion to Stay remained pending on the Court's docket. (Doc. 78 at 2–3). He also argues that the medical release was not limited in accordance with the Prior court's Order. (*Id.* at 4–5).

"Parties are expected to comply with both the letter and the spirit of a court's order." *F.V. v. Jeppesen*, 466 F. Supp. 3d 1110, 1116 (D. Idaho 2020). In other words, compliance with court orders is not optional; it is a fundamental obligation of any party appearing before this Court. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) ("If a person disobeys a specific and definite court order, he may properly be adjudged in contempt."). Neither a pending motion nor a party's disagreement with a court's order excuses compliance. *See Guam Contractors Ass'n v. Sessions*, 2018 WL 11628204, at *1 (D. Guam 2018) ("As a general rule, the courts agree that…a pending motion to stay does not excuse failure to comply with deadlines; if it did, 'the court would in large measure lose the power to grant or deny' the motion in the first place.") (citation omitted). Court Orders must be complied with unless the Court excuses compliance. *Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 114 (S.D. Cal. 2024).

With this in mind, the Court finds that Plaintiff has failed to comply with the Prior Court's Order. On September 2, 2026, the Prior Court granted Defendant's requests for a psychotherapy release from "January 24, 2023 to present," employment record releases, and a medical release as limited on the record. (Doc. 64). Defendant sent Plaintiff the revised releases, which properly limited the medical release to records relating to Plaintiff's blood pressure, on September 4, 2026. (Doc. 73 at 1). Plaintiff has yet to execute the releases and his request to the Court that discovery be stayed does not justify his non-

compliance. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir. 1983) ("A person fails to act as ordered by the court when he fails to take all the reasonable steps within his power to insure compliance with the court's order.") (cleaned up). Plaintiff shall **immediately** comply with the Court's September 2, 2026, Order and provide the requested releases. Execution of these releases is not optional and must be completed promptly lest sanctions be levied against Plaintiff.

The Court will not award fees at this time, but Defendant's request is denied without prejudice. Should Plaintiff continue to disregard Court orders, then the Court will revisit appropriate sanctions as necessary. In addition, the Court will consider Plaintiff's noncompliance thus far as part of the totality of the circumstances if other sanctionable conduct occurs.

**V. Final Matters**

Having resolved the pending Motions in this matter, the Court will now address several points and issue further orders. First, Plaintiff and Defendant are hereby informed that any party using a generative AI tool in the preparation of any document or material filed in this Court shall (1) clearly disclose in the filing what AI tool was used, and (2) certify that all representations and citations in the AI-assisted filing have been verified for accuracy. A party's reliance on an AI tool will not excuse a failure to make a reasonable inquiry under Rule 11.

Second, as the Court mentioned above, discovery motions are not permitted by the Court. Although fact discovery has closed, the Court will still advise the parties of its discovery dispute protocol. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party

seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with LRCiv 7.2(j).

However, the parties should be aware that, under the Court's standard protocol, discovery disputes after the close of fact discovery will not be entertained absent extraordinary circumstances.

Finally, given the recent reassignment of this action, the parties are ordered to jointly file a status report as to the current state of the case. Each party shall include any forthcoming scheduled matter, any discovery they believe to be outstanding, and any outstanding matters to resolve. Plaintiff and Defendant are each **limited to one page** to state their current view of the case. ***No*** exhibits, declarations, or any other form of attachment shall be appended to this filing by either party. And again, the party's individual statements shall be inserted into one document and jointly filed. This status report will be due within a week of this Order.

Once the Court reviews the parties' status report, a hearing, additional briefing, or other action may be required. If any such necessity arises, the Court will instruct the parties by order as to what is required. The Court will ***not*** accept any further discovery motions or other miscellaneous requests for relief until it has reviewed the present status of this case. At this time, all deadlines set by the Prior Court shall remain in place.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider and for Leave to File Fifth Amended Complaint (Doc. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Expedited Motion for Temporary Stay of Disputed Disclosures, Leave for Limited Written Briefing, and Alternative Extension of Time (Doc. 66) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Limited Reconsideration of the September 21 Scheduling Order and, Alternatively, to Modify the Scheduling Order under Rule 16(b)(4) (Doc. 77) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (Doc. 73) is **GRANTED**. Plaintiff must execute the psychotherapy, medical, and employment releases **by October 13, 2026**. Failure to do so will result in sanctions to be determined by the Court.

**IT IS FINALLY ORDERED** that the parties must jointly file a status report as described above **within seven (7) days of this Order**.

Dated this 7th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge